**ORIGINAL**

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN 19 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority ✗
Send ✗
Enter ✗
Closed ✗
JS-5/JS-6 ✗
JS-2/JS-3 ___
Scan Only ___

ENTERED
CLERK U.S. DISTRICT COURT

JUN 28 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| GREEN MEADOWS, an individual, Derivatively On Behalf of IMPAC Mortgage Holdings, Inc., <br><br> Plaintiff, <br><br> v. <br><br> IMPAC MORTGAGE HOLDINGS, INC., JOSEPH R. TOMKINSON, WILLIAM S. ASHMORE, RICHARD J. JOHNSON, GRETCHEN D. VERDUGO, RONALD M. MORRISON, JAMES WALSH, FRANK P. FILIPPS, WILLIAM E. ROSE, STEPHAN R. PEERS and LEIGH J. ABRAMS, <br><br> Defendants. <br><br> APPLIES TO ALL CONSOLIDATED ACTIONS | CASE NO. SACV06-0091 CJC (RNBx) AND CONSOLIDATED CASES <br><br> **ORDER AND FINAL JUDGMENT** <br><br> CONSOLIDATED CASES: CV06-01177 CJC(RNBx) <br> SACV06-00128 CJC(RNBx) <br> SACV06-00272 CJC(RNBx) <br> CV06-01041 CJC(PLAx) <br> CV06-02541 CJC(RNBx) <br> SACV07-00611 AG(RNBx) |

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

64

THIS CAUSE having come before the Court on June 18, 2007, upon Motion for an Order and Final Judgment pursuant to Fed. R. Civ. P. 23.1, and with respect to certain matters relating to the settlement of the Derivative Actions (the "Settlement") in accordance with the Stipulation of Settlement dated as of May 17, 2007 and the exhibits thereto (the "Stipulation"); and

The Court having read and considered the Stipulation, heard arguments of counsel, granting preliminary approval of the Settlement by Order dated May 17, 2007 and the Court having considered all objections raised, if any; and all parties having consented to the entry of this Order; it is

ORDERED, ADJUDGED AND DECREED THAT:

## DEFINITIONS

1. For purposes of this Order and Final Judgment and Order of Dismissal (the "Final Judgment"), the Court adopts and incorporates the definitions contained in the Stipulation.

## JURISDICTION

2. This Court has jurisdiction over the subject matter of the above-captioned Federal Derivative Actions and, for purposes of this Order and continuing enforcement of this Order and the Stipulation, jurisdiction over all parties to the Derivative Actions who entered into the Stipulation of Settlement.

## NO ADMISSION OR EVIDENCE OF LIABILITY

3. This Court hereby decrees that neither the Stipulation, nor this Final Judgment, nor the fact of the Settlement, is an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the Released Parties or of the truth of any of the claims or allegations alleged in the Derivative Actions. This Final Judgment is not a finding of the validity or invalidity of any claims in the Derivative Actions or of any wrongdoing or lack thereof by nominal defendant Impac or any of the Individual Defendants. The Stipulation, and any and all negotiations, documents, and discussions associated with it, shall not be

1  deemed or construed to be an admission or evidence of any violation of any statute
2  or law or of any liability or wrongdoing by Plaintiffs, Impac and the Individual
3  Defendants, or of any alleged defense, or of the absence of any wrongdoing or
4  limitations of damage or injury, and evidence thereof shall not be discoverable or
5  used directly or indirectly, in any way, by any Person, in any other proceeding.

## FINALIZATION OF PRELIMINARY FINDINGS IN NOTICE ORDER

4. The Court makes final and unconditional the conditional and preliminary findings made by the Court in the Order Regarding Notice of Pending Shareholder Derivative Actions and Setting Date for Settlement Approval Hearing, entered on _May 18_, 2007, regarding Notice, the maintenance of the Derivative Actions as proper shareholder derivative actions for purposes of this Settlement only, and the Settlement terms.

## NOTICE

5. The Court finds that the notice of Hearing on Proposed Settlement of Derivative Actions was given in accordance with Order Regarding Notice of Pending Shareholder Derivative Actions and Setting Date for Settlement Approval Hearing, and that such notice was reasonable, constituted the most practicable notice under the circumstances, was valid, due and sufficient notice to all Impac shareholders, and complied fully with the requirements of due process, federal law, the Constitution of the United States, and any other applicable law.

## APPROVAL OF THE SETTLEMENT

6. This Court hereby approves the Settlement set forth in the Stipulation and finds, in accordance with Fed. R. Civ. P. 23.1, that said Settlement is, in all respects, fair, reasonable, adequate and in the best interests of Impac and Impac shareholders, including Plaintiffs, and directs the consummation and implementation of the Settlement in accordance with the terms and provisions of the Stipulation.

7. This Court further finds that the Settlement has been entered into and made in good faith, and that Plaintiffs and Plaintiffs' Lead Counsel have fairly and adequately represented the interests of Impac shareholders and Impac in connection with the Derivative Actions and the Settlement.

## DISMISSAL WITH PREJUDICE

8. This Court hereby dismisses with prejudice the Derivative Actions filed herein as against the Individual Defendants and nominal defendant Impac without any costs to any party, except as provided herein in the Stipulation.

## RELEASES AND COVENANTS

9. Upon the Effective Date, Impac, Impac shareholders and Plaintiffs (individually, on behalf of Impac shareholders, and derivatively on behalf of Impac), and their heirs, executors, administrators, successors and assigns and all persons acting in concert with any such person, by operation of this Final Judgment, shall have fully, and forever released, relinquished and discharged any and all Settled Claims against any and all of the Released Parties.

10. Upon the Effective Date, Impac, Impac shareholders and Plaintiffs (individually, on behalf of Impac shareholders, and derivatively on behalf of Impac), and their heirs, executors, administrators, successors and assigns and all persons acting in concert with any such person, by operation of this Final Judgment, shall be forever barred and enjoined from asserting, instituting, maintaining, prosecuting or enforcing against any of the Released Parties any of the Settled Claims either directly, representatively, derivatively or in any other capacity. This injunction expressly extends to all Settled Claims.

## CONTINUING JURISDICTION

11. Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction: (a) over the implementation, administration and consummation of the Settlement; (b) over the parties to the Stipulation until the Final Judgment contemplated hereby has become effective and each and every

act agreed to be performed by the parties to the Stipulation shall have been performed pursuant to the Stipulation; and (c) over all parties to the Derivative Actions and all parties to the Stipulation for the purpose of taking such other actions as may be necessary to conclude and administer this Settlement and to implement and enforce the Stipulation.

## TERMINATION OF SETTLEMENT

12. In the event that the Effective Date does not occur, or the Settlement is terminated in accordance with the terms and provisions of the Stipulation, then this Final Judgment shall be rendered null and void and be vacated and the Stipulation and all orders entered and releases delivered in connection therewith by this Court shall be rendered null and void.

## ATTORNEYS' FEES AND EXPENSES

13. Plaintiffs' Lead Counsel are hereby awarded attorneys' fees and reimbursement of expenses in the sum of $ _300,000_ (the "Fees and Expenses"). The Fees and Expenses have been determined by the Court to be fair, reasonable, and entirely appropriate. No other fees, costs or expenses may be awarded to Plaintiffs' Lead Counsel in connection with the Settlement. The Fees and Expenses shall be paid to Plaintiffs' Lead Counsel in accordance with the terms of the Stipulation.

14. Plaintiffs' Lead Counsel are authorized and directed to allocate and distribute the Fees and Expenses among other Plaintiffs' counsel in a manner which, in Plaintiffs' Lead Counsel's good faith determination, reflects each counsel's contribution to the institution, prosecution, and Settlement of the Derivative Actions. In addition, Plaintiffs' Lead Counsel are authorized and directed to pay an incentive award of $ _1,000 each_ to plaintiffs Miguel Portillo and John L. Roberson in this action and $ _1,000_ to Michael Eleftheriou, the plaintiff in a closely related consolidated derivative action, In re Impac Mortgage

Holdings, Inc. Shareholder Derivative Litig., Case No. 06CC00033, pending in the California Superior Court for the County of Orange.

### ENTRY OF FINAL JUDGMENT

15. The Court finds that no just reason exists for delay in entering final judgment in accordance with the Stipulation. Accordingly, the Clerk is hereby directed to enter this Final Judgment forthwith.

Dated: June 19, 2007

The Honorable Cormac J. Carney
United States District Court Judge

6